# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

### SYLVESTER and others *v.* DANZIGER.[1]

#### (*Circuit Court, E. D. Louisiana.* June 6, 1887.)

INSOLVENCY—DISCHARGE—FOREIGN CREDITOR.

Defendant made a *cessio bonorum* in the insolvent court of Louisiana. Plaintiffs, citizens of New York, brought a suit against the syndic of the insolvent estate in the state court having jurisdiction thereof, to enforce a vendor's lien upon some goods sold by them to him; and, *secondly*, plaintiffs went into the insolvency court, and took a rule to have certain goods delivered to them, which they alleged were their property, and not included in the cession. *Held*, that the plaintiffs could not be held to have impliedly assented to the defendant's discharge.[2]

On Exceptions.

*Harry H. Hall*, for plaintiffs.

*Joseph P. Hornor* and *Francis B. Lee*, for defendant.

BILLINGS, J. The question submitted is whether, upon the facts stated in the plea, the plaintiffs have participated in the insolvency proceedings of the defendant, so as to conclude them by his discharge.

The defendant had made a *cessio bonorum* in the insolvent court of the state, and has since been discharged. What the plaintiffs are alleged to have done is—*First*, to bring a suit against the syndic of the estate to enforce a vendor's lien upon some goods sold by them to him; and, *secondly*, to go into the insolvency court, and take a rule to have certain goods delivered to them, which they alleged were their property, and not included in the cession.

In the case of *Hyde* v. *Stone*, 20 How. 170, it was held that bringing in the state court a suit which was under the laws of Louisiana trans-

---

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

[2] A discharge under the insolvency laws of Massachusetts does not bar the right of recovery of a non-resident creditor, unless he was a resident of the state at the time of the proceedings, or voluntarily submitted to its jurisdiction and assented to the discharge. Norris v. Atkinson, (N. H.) 5 Atl. Rep. 710, and note.

ferred to the insolvency court, in which defendant's insolvency proceedings were then pending, and cumulating that suit with those proceedings, was not a participation in the insolvency proceedings in such a manner as constituted an assent. Prof. Parsons (2 Pars. Cont. 536) states the test to be "whether the creditor has assented to the relief or discharge of the debtor expressly, or by some equivalent act, as becoming a party to the process against him under the law, taking a dividend and the like."

In this case the question is, "Did the creditor do anything, or derive any advantage, under or by virtue of the insolvent proceeding?" I think he did not. He followed up his rights precisely as he could have done without any insolvent law. He proved no claim. He received no dividend. His condition was in no respect changed from what it would have been if there had been no insolvent proceedings. He cannot be held to have impliedly assented to defendant's discharge.

Let the exception be overruled.